# WYER & al. vs. MERRILL & al. & trustee.

*S. & C. M.* contracted to build certain locks and portions of canal for the *Cumberland* and *Oxford* canal corporation, by *Aug.* 1, 1829, at a stipulated rate of payment ; the work to be estimated monthly by the engineer, and three-fourths of the estimated sum to be paid monthly by the corporation ; the residue to be retained till the whole should be completed. On the first day of *August*, 1829, the engineer made his monthly report of estimates of work performed, containing the sum of $700 as due to *S. & C. M.* for work done ; which sum the directors, on the same day, voted and ordered to be paid. Afterwards, on the same day, before payment, and before an order was drawn by the president, in the usual course of business, for the sum thus voted, the corporation was summoned as trustee of *S. & C. M.*, who failed to fulfil their contract ; which, in three days afterwards, was duly declared forfeit and abandoned by their non performance.

Hereupon it was held that the vote to pay the $700 was a waiver of any advantage resulting to the corporation from the failure of *S. & C. M.* to complete the contract ; and bound the corporation to pay that sum ; and that therefore it was chargeable as their trustee.

THE question in this case was upon the liability of the *Cumberland & Oxford* canal corporation, as trustee of the defendants.

It appeared, from the disclosure of the treasurer of the corpora-- tion, that the defendants had entered into articles of agreement with the corporation, by which they were to excavate and build certain portions of the canal and locks ; under the inspection and direction of the engineer ; who had power, upon any unreasonable neglect of the defendants in the prosecution of the work, to declare the con-- tract abandoned and terminated ; that he should survey and certify the amount of work to be paid for ; that advances should be made to the defendants, monthly, to the amount of three-fourths of the engineer's estimates of the work done ; and that the whole should be completed by the first day of *August*, 1829.

It further appeared that on the day last mentioned, when the writ in this case was served, the accounts of the defendants were made up and stated by the treasurer, as follows :—

The whole amount of work done and materials furnished by the defendants, according to the estimate of the engineer, was $7471,00

| | |
|---|---:|
| Deduct 25 *per cent.* as provided in the contract, | 1867,75 |
| | 5603,25 |
| Work on the aqueduct, - - - - - | 320,00 |
| Do. on the culvert and bridge, - - - | 470,00 |
| | $6393,25 |

| | | |
|---|---:|---:|
| They had received on account of locks, | $5798,00 | |
| And on account of the aqueduct, | 320,00 | |
| And on account of the culvert and bridge, | 470,00 | |
| | | 6588,00 |

The corporation being in advance to them, the sum of $194,75

On the same day the engineer made the monthly report of esti- mates due to *Aug.* 1, 1829 ; in which he reported " For *S. & C. Merrill*, (the defendants) On account of lock-pits, banks and walls, $700,00

On account of aqueduct, to be paid on its completion, 180,00"

On the morning of that day, before service of the writ, the di- rectors met, and voted to pay the defendants " seven hundred dol- lars on account of the work on locks, and one hundred and eighty dollars more on account of the aqueduct ; the last mentioned sum

to be paid when said aqueduct is completed." For this sum an order was drawn on the treasurer on the same day, after service of the writ; which was signed by the president of the corporation in the expectation that the suit would be settled; but no adjustment being made, the treasurer paid them two hundred and fifty dollars, with the plaintiffs' consent; and would have paid the whole, had not this suit been commenced. And afterwards, on the same day, the defendants drew an order on the treasurer for the balance due them, in favor of a third person; which the treasurer accepted, " to pay if any thing be due." On the third day of *August*, 1829, the engineer, by his certificate in writing, declared the contract abandoned, by the failure of the defendants to prosecute the work, agreeably to its stipulations.

By a supplemental disclosure, made in this court at *November* term, 1830, it appeared that there had been a final settlement of accounts between the defendants and the corporation, *June* 24, 1830, since this suit was brought, in which the defendants were allowed, as equitably due, a balance of seventeen hundred and seventy-two dollars and sixty-nine cents.

*Longfellow*, for the plaintiffs, sought to charge the corporation as trustee of the defendants, on the ground that the vote to allow a further sum of seven hundred dollars to the defendants, for work already done, was in law a promise to pay that sum, on which an action could have been sustained.

*Deblois*, for the corporation resisted this claim. He contended that the defendants had no remedy against the corporation, except upon the written contract. By the terms of this instrument the corporation was bound to pay no more than seventy-five *per cent.* of the value of the work done, until the whole should be completed. The residue remained in the hands of the treasurer, as an inducement to the defendants to execute the contract, and a security to the corporation against any damages arising from a breach. This contract the defendants never performed; and of course forfeited all benefit from its provisions.

The subsequent settlement of accounts between them cannot affect the case; because the rights of the plaintiffs are to be determined by the state of things which existed between the defendants and the corporation at the time of the service of the writ. And at this time the defendants had no right of action. *Wilcox v. Mills*, 4 *Mass.* 218; *Wood v. Patridge*, 11 *Mass.* 488; *Ingalls v. Dennett*, 6 *Greenl.* 79; *Harris v. Aikin*, 3 *Pick.* 1; *Maine F. & M. Ins. Co. v. Weeks*, 7 *Mass.* 438; *Perry v. Coates*, 9 *Mass.* 537; *Webster v. Gage*, 2 *Mass.* 503; *Greenough v. Walker*, 5 *Mass.* 214. The vote was merely evidence of an intention on the part of the corporation to advance the defendants so much money on account of work to be afterwards done. It was inoperative till effect was given to it by the order of the president, in the usual forms of transacting similar business; but this was not done till after service of the writ.

MELLEN C. J. delivered the opinion of the Court at the ensuing *May* term in *Kennebec*.

The trustee process in this case was served *August* 1, 1829. *S. & C. Merrill* had by their contract with the corporation agreed to complete the work therein described by the same 1st day of *August*; but they did not so complete it; and on the 3d of the same month the contract on their part was duly declared abandoned, pursuant to a provision in the contract. By the disclosure it appears that the whole amount of work done by *S. & C. Merrill* on the locks, to the first of *August*, 1829, together with materials ready for further use was - - - - - $7471,00

| | |
|---|---:|
| Work on the aqueduct, - - - - | 320,00 |
| Do. on culvert and bridge, - - - - | 470,00 |
| | 8261,00 |
| By the terms of the contract one quarter part of the above sum of $7471 was not then payable, | 1867,75 |
| | 6393.25 |
| There had been paid to them before said day, | 6588,00 |
| So that they had been paid in advance, | $194,75 |

44

But still, at the time the writ was served, the corporation had received the benefit of the labor and materials, to the amount of the above sum of $1867,75; though the said *S. & C. Merrill* were not then entitled to demand that sum in payment, and though they had failed in the completion of their contract, which, on the third of *August,* was declared abandoned as before mentioned. In this state of things, at a meeting of the directors of the canal, on the morning of the first of *August,* and before the service of the writ, there was voted to be paid to *S. & C. Merrill* the sum of $700, on account of work on locks. *S. & C. Merrill* on the same day, but after the process was served, drew their order on the treasurer of the corporation for the $700, which was immediately accepted conditionally—that is, if any thing should be due. The corporation discovered a readiness to pay the money voted, to the person or persons legally entitled to demand and receive it; and by consent of the plaintiffs, did immediately pay $250, part of the $700, to another person, on the order of the Messrs. *Merrill;* and the treasurer states that he should then have paid the whole, had not the trustee process prevented. It is true that *S. & C. Merrill* did not complete their contract; and its non-completion must have been officially known to the directors. They must have known that in an equitable point of view *S. & C. Merrill* were entitled to payment for the labor and materials on and for the locks; one quarter part of which had not been paid for on the first of *August*—stated by the treasurer to be $1867,75; and after deducting the $194,75 paid in advance, it leaves an equitable balance of $1673 as due to the Messrs. *Merrill;* though not then payable by the terms of the contract; which states that " advances are to be made monthly to the amount of three fourths of the engineer's estimates of the work done :" and the before mentioned sum of $700, was his estimate to the first of *August* on account of lock-pits, banks and walls. The question is now prepresented, why was not the vote of the directors, passed on the first of *August,* and before the service of the trustee process, of the $700 to be paid to *S. & C. Merrill,* a contract instantly binding on the corporation ? Why was there not a meritorious and valuable and legal consideration for such contract ? Why was not this vote

Wyer v. Merrill.

a waiver of all objections to payment, on account of the non-compliance of *S. & C. Merrill* with the terms of their contract?

The corporation could make this contract only by a vote, and so they did make it. Suppose an individual had made the contract with *S. & C. Merrill*, and such individual knowing that they had not complied with the terms of it, had given them his due bill for the $700; surely this would have been a waiver. But on the question of consideration there is another fact of importance to be regarded. The vote of the $700 to be paid the Messrs. *Merrill* was " on account of work on locks." Here is a valuable consideration expressly stated. We may reasonably consider that this vote was passed on their request; indeed no other presumption is admissible; and when it was passed, it instantly became a complete contract. Besides, it is a principle of law that assent is to be presumed, where it operates in favor of the person assenting.

On the whole we are all of opinion that on the facts disclosed, the corporation must be adjudged the trustee of *S. & C. Merrill*; and this conclusion is strengthened and confirmed by the fact stated in the additional disclosure, *November* term, 1830; namely, that on a final settlement of accounts between the corporation and them on the 24th of *June* 1830, they were allowed, as equitably due, the sum of $1772,69.

*Corporation adjudged Trustee.*